[Cite as *State v. Damiano*, 2018-Ohio-4761.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2017-CA-31 |
| | : | |
| v. | : | Trial Court Case No. 2017-CR-84 |
| | : | |
| ROBERT J. DAMIANO, JR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 30th day of November, 2018.

. . . . . . . . . . .

KEVIN TALEBI, Atty. Reg. No. 0069198, Champaign County Prosecutor's Office, Appellate Division, 200 N. Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

JENNIFER E. MARIETTA, Atty. Reg. No. 0089642, 74 N. Orange Street, Suite 105, Xenia, Ohio 45385
      Attorney for Defendant-Appellant

. . . . . . . . . . . . .

TUCKER, J.

{¶ 1} Defendant-appellant Robert Damiano, Jr., on May 4, 2017, was indicted on fourteen counts, with seven counts including a firearm specification under R.C. 2941.141(A). Damiano, following unremarkable pretrial activity, entered into a negotiated guilty plea on June 20, 2017. Damiano pleaded guilty to Count 1, Burglary in violation of R.C. 2911.12(A)(3), a third degree felony, Count 4, Theft in violation of R.C. 2913.02(A)(1), a fifth degree felony, Count 5, Burglary in violation of R.C. 2911.12(A)(3), a third degree felony with this count including a guilty plea to an attached firearm specification, Count 11, Receiving Stolen Property in violation of R.C. 2913.51(A), a fourth degree felony, and Count 14, Receiving Stolen Property in violation of R.C. 2913.51(A), a fourth degree felony. The remaining counts and firearm specifications were dismissed. Additionally, the State of Ohio, as part of the plea agreement, recommended that a Presentence Investigation (PSI) be completed and that the sentences for Counts 4, 11, and 13 be served concurrently to each other.

{¶ 2} The trial court, following completion of the recommended PSI, conducted a sentencing hearing on July 13, 2017. The State requested a minimum sentence of seven years, and, consistent with the plea agreement, recommended concurrent sentences as to Counts 4, 11, and 13. The trial court imposed a 36 month prison term on Count 1, a 12 month prison term on Count 4, a 36 month prison term on Count 5 and a 12 month prison term on the firearm specification attached to Count 5, a 14 month prison term on Count 11, and, finally, a 14 month prison term on Count 13. The trial court ordered that the sentences regarding Count 1, Count 4, Count 5, and the firearm specification be served consecutively. The trial court ordered that the sentences

regarding Count 11 and Count 13 be served concurrently to each other and concurrently to the remaining sentences. Damiano, accordingly, was sentenced to an eight year term of imprisonment.

{¶ 3} Damiano, acting pro se, filed a notice of appeal beyond the 30-day period mandated by App.R. 4(A). We, however, found good cause to allow a delayed appeal, and consistent with Damiano's request, we appointed appellate counsel to prosecute the appeal.

{¶ 4} Appellate counsel filed a brief under the authority of *California v. Anders*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.E.d.2d 493 (1967), stating that her review of the record failed to reveal any "legitimate issues" for appellate review. Counsel, consistent with her duties under *Anders*, did suggest two possible assignments of error: (1) that the trial court failed to comply with Crim.R. 11 and (2) that the trial court's sentence constituted an abuse of discretion.

{¶ 5} We, in an order filed on June 15, 2018, informed Damiano of the *Anders* filing. We also informed him of his right to file a pro se brief within 60 days of June 15. Damiano did not file a brief.

{¶ 6} We will first discuss counsel's suggestion regarding the trial court's failure to comply with Crim.R. 11. Where, as here, the defendant is represented by counsel, the trial court's obligations at the plea hearing are set forth at Crim.R. 11(C)(2)(a), (b) and (c) and at Crim.R. 11(F). Crim.R. 11(F) requires that the terms of any negotiated plea be placed on the record. The plea hearing transcript reflects compliance with this requirement. The trial court satisfied its Crim.R. 11(C)(2)(a) obligation to determine that Damiano was entering the plea voluntarily, that he understood the nature of the criminal

offenses to which he was pleading guilty, and that he understood the involved maximum penalties. The trial court, during the plea colloquy, discussed the elements and supporting facts of each count and the firearm specification to which Damiano pleaded guilty. Damiano, following this discussion, indicated he understood the nature of each charge and the firearm specification. The trial court also informed Damiano of the maximum penalty as to each offense and the firearm specification and that the firearm specification required a mandatory one year prison term that had to be served in a consecutive fashion. The trial court additionally informed Damiano of the possible maximum sentence if each maximum penalty was imposed in a consecutive fashion. Damiano indicated that he understood this discussion. The trial court, finally, asked Damiano if he was entering the guilty pleas voluntarily. Damiano indicated that he was entering the guilty pleas voluntarily, and the trial court so determined.

{¶ 7} The trial court, turning to its obligations under Crim.R. 11(C)(2)(b), informed Damiano that by entering guilty pleas he was admitting his guilt, with Damiano indicating he understood this consequence. The trial court also informed Damiano that, upon acceptance of the guilty pleas, the court could immediately proceed to sentencing but that, instead, sentencing would be deferred until the trial court received a PSI. Again, Damiano indicated that he understood.

{¶ 8} The trial court, turning to its responsibilities under Crim.R. 11(C)(2)(c), informed Damiano of each constitutional right he was waiving by pleading guilty. Damiano indicated he understood each constitutional right, and that by pleading guilty he was forfeiting that right. In short, there is not, based upon our review of the plea hearing, a potentially meritorious appellate argument that the trial court failed to comply with

Crim.R. 11 when accepting Damiano's guilty pleas.

{¶ 9} Counsel's second suggested assignment of error relates to Damiano's sentence. We, contrary to counsel's assertion, do not review a felony sentence under an abuse of discretion standard. Instead, based upon the language of R.C. 2953.08(G)(2), we may vacate or modify a felony sentence if we find by clear and convincing evidence that the record does not support the sentence or the sentence is otherwise contrary to law. *State v. Barnett*, 2d Dist. Montgomery No. 27660, 2018-Ohio-4133, citing *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.2d 1231.

{¶ 10} A trial court has full discretion to impose any authorized sentence, and the court is not required to articulate its findings or to set forth its reasons for imposing a particular sentence. *State v. King*, 2013-Ohio-2021, 992 N.E.2d 491, ¶ 45 (2d Dist.). However, the court must consider the applicable sentencing criteria, which, in this case, involve R.C. 2929.11 (purposes and principles of sentencing) and R.C. 2929.12 (seriousness and recidivism factors). *State v. Leopard*, 194 Ohio App.3d 500, 2011-Ohio-3864, 957 N.E.2d 55, ¶ 11 (2d Dist.).

{¶ 11} A sentence is not contrary to law if it is "within the statutory range and the trial court states that it has considered the principles and purposes of sentencing and the seriousness and recidivism factors." *State v. Bradley*, 2d Dist. Greene No. 2017-CR-64, 2018-Ohio-3192, ¶ 5. Each of Damiano's individual sentences are within the statutory range, and the trial court stated during the sentencing hearing that, in reaching the sentencing decision, the principles and purposes of sentencing and the seriousness and recidivism factors had been considered. Thus, there is no non-frivolous appellate argument that Damiano's sentences are contrary to law.

**{¶ 12}** The trial court, during the sentencing hearing, stated, as noted, that it had reviewed the purposes and principles of sentencing. The trial court also discussed Damiano's criminal history and the nature of Damiano's conduct in the pending case, and the trial court individually reviewed each R.C. 2929.12 seriousness and recidivism factor. Based upon this record, there is no arguably meritorious appellate argument that an appellate court could find by clear and convincing evidence that the record does not support Damiano's sentences.

**{¶ 13}** The trial court, focusing upon the final sentencing issue, made the consecutive sentence findings required by R.C. 2929.14(C), and these findings were incorporated into Damiano's sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 37. There is, based upon Damiano's conduct as reflected by the charges to which he pleaded guilty and his criminal history, no non-frivolous argument that an appellate court could find by clear and convincing evidence that the trial court's consecutive sentencing findings are not supported by the record.

**{¶ 14}** In addition to a review of counsel's suggested assignments of error, we have, consistent with our duties under *Anders*, reviewed the entire record. This review included the indictment, the plea and sentencing transcripts, the PSI, and all the sentencing-related orders. This review has not revealed any potentially meritorious appellate issues. As a result, the lower court's judgment will be affirmed.

. . . . . . . . . . . . .

WELBAUM, P.J. and HALL, J., concur.

Copies mailed to:

Kevin Talebi
Jennifer E. Marietta
Robert J. Damiano, Jr.
Hon. Nick A. Selvaggio