**[Cite as *State v. Reed*, 2020-Ohio-3900.]**

**IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY**

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | Appellate Case No. 2019-CA-29 |
| | : | |
| v. | : | Trial Court Case No. 2019-CR-232 |
| | : | |
| BRIAN ANDREW REED | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 31st day of July, 2020.

. . . . . . . . . . .

SAMUEL ADAM USMANI, Atty. Reg. No. 0097223, Champaign County Prosecutor's Office, Appellate Division, 200 North Main Street, Urbana, Ohio 43078
    Attorney for Plaintiff-Appellee

P.J. CONBOY, Atty. Reg. No. 0070073, 5613 Brandt Pike, Huber Heights, Ohio 45424
    Attorney for Defendant-Appellant

. . . . . . . . . . . . .

HALL, J.

**{¶ 1}** Brian Andrew Reed appeals from his conviction on one count of vandalism, a fifth-degree felony.

**{¶ 2}** In his sole assignment of error, Reed challenges the trial court's imposition of a statutory maximum 12-month prison sentence.

**{¶ 3}** The charge against Reed involved causing damage to a holding cell at the Urbana Police Department, where he was detained after being arrested on an active warrant. Reed entered into a plea agreement with the State and pled guilty to the charge. For its part, the State agreed not to pursue certain drug charges against Reed and agreed to recommend community control provided that a PSI report revealed no criminal history beyond what already had been disclosed. (October 30, 2019 Plea Tr. at 7-8.) As part of the plea hearing, the trial court advised Reed that it was not obligated to follow the State's recommendation. (*Id.* at 14.) The prosecutor then recited the following factual basis for the plea: "While Mr. Reed was in the holding cell number two he bent the metal ceiling tiles by breaking the rivets that hold the tiles in place and breaking away the metal spacer. This caused the Urbana Police Division to place holding cell number two out of service for several days." (*Id.* at 15.) The trial court proceeded to explain the potential penalties to Reed, including a maximum 12-month prison sentence and a $2,500 fine. (*Id.* at 16.) At the conclusion of the plea colloquy, Reed entered his guilty plea. The trial court accepted the plea and made a finding of guilt. (*Id.* at 19-20.)

**{¶ 4}** Consistent with the plea agreement, the prosecutor requested a community control sanction for Reed. In light of Reed's documented drug and alcohol problem, however, the prosecutor requested five years of community control to include completion

of the "West Central Program and any aftercare." (Nov. 25, 2019 Sentencing Tr. at 4.) After hearing from defense counsel, the trial court engaged in a discussion with Reed. During that exchange, Reed acknowledged previously participating in drug-treatment programs. The trial court also noted that Reed had four prior operating a vehicle while intoxicated (OVI) convictions and that police had found him unresponsive behind the wheel of a parked car when they arrested him in the present case and took him to a holding cell at the Urbana Police Department. The trial court further noted that Reed had 32 prior convictions as an adult, excluding the OVIs. The trial court then made the following findings in support of its 12-month prison sentence:

> Court has reviewed the pre-sentence investigation report, statements of Counsel, statements of the Defendant, and Court's interaction with the Defendant. Regarding pre-sentence conduct, the Court finds that at the time of the offense the Defendant previously served two terms of imprisonment and committed the offense while on probation to the Marion County Municipal Court for three separate cases. His Ohio Risk Assessment Score is 31, which is considered high.

> In imposing sentence the Court considered and applied the purposes and principles of sentencing as set forth in [R.C.] 2929.11 divisions A, B, and C. The Court also considered the seriousness of the conduct, likelihood of recidivism, and lack of service in the Armed Forces.

> In evaluating seriousness factors the Court finds as more serious that the Defendant was on probation for his fourth OVI conviction when he was found passed out in the driver's seat of an automobile with a used syringe

under the driver's seat. And that during the commission of the vandalism Defendant attempted to escape his detention by picking a lock of a holding cell. Court finds Defendant's damage to the law enforcement agency's holding cell caused the facility to be rendered inoperable for several days. And Defendant's damage to the law enforcement agency's holding cell was unprovoked.

With regard to less serious factors, the Court finds none. Court finds that Defendant's conduct is more serious than less serious. With regard to recidivism and more likely to commit future crimes, the Court finds that Defendant has a history of criminal convictions and has not responded favorably to sanctions previously imposed. The Court does mitigate that factor with Defendant's claim for leading a law-abiding life while on medication-assisted treatment during the years 2015 to 2017. Court notes that Defendant initially claimed 2018. But the Defendant has a conviction out of Franklin County Municipal Court for unauthorized use of property in December of 2017.

Court finds Defendant was on probation to another county's municipal court for three separate offenses when he committed the offense in the case at bar. Also, as more likely to commit future crimes, the Court finds it notwithstanding the Defendant's stated desire for drug treatment. The Defendant's criminogenic conduct in the holding cell and Defendant's ongoing history of committing violations while on probation[,] [a]nd Defendant's continued pattern of drug abuse, despite Defendant's prior

engagement with a half-way house, CBCF, and medication-assisted treatment programming, demonstrate the offense was committed under circumstances likely to reoccur. Court also finds that the Defendant shows no genuine remorse for the offense that happened at the police division.

With regard to less likely to commit future crimes, the Court finds that prior to committing the offense the Defendant was not adjudicated a delinquent child. The Court finds that Defendant's recidivism more likely outweighs his factors establishing his recidivism is less likely. Court considered military service. Finds he has no military service record. Once again, the Court makes the 2929.13(B)(1)(b) findings that establish the Court has discretion to impose a term of imprisonment because Defendant was on probation when he committed the offense and because the Defendant has previously served a term of imprisonment.

Count One, Court imposes 12 months to the Ohio Department of Corrections. * * *

(*Id*. at 18-21.)

{¶ 5} The trial court journalized Reed's sentence in a November 25, 2019 Journal Entry of Judgment, Conviction, and Sentence. This appeal followed.

{¶ 6} In his assignment of error, Reed challenges the trial court's imposition of a 12-month prison term despite the prosecutor's recommendation of a community control sanction. Reed recognizes that under R.C. 2953.08(G)(2) we may vacate or modify a felony sentence only if we find by clear and convincing evidence that the record does not support the sentence or the sentence is otherwise contrary to law. *State v. Damiano*, 2d

Dist. Champaign No. 2017-CA-31, 2018-Ohio-4761, ¶ 9 (citing additional cases). Reed does not argue that his 12-month prison sentence is contrary to law. Instead, he argues that the record clearly and convincingly fails to support the sentence. After he summarizes the trial court's sentencing findings, Reed's entire substantive argument on appeal is as follows:

> There are other factors the trial court should have been considered. There was no indication of serious physical harm. There was no claim of economic harm. In addition there was a plea agreement to community control sanctions, and Appellant did not commit further acts and nothing occurred between the plea and sentencing to change the State's position, as the State was still agreeable to community control sanctions.

> The evidence presented in this case did not support the maximum sentence for the above-referenced charge. Therefore, Appellant requests that the Appellate Court reverse the Trial Court's sentencing determination in this matter and remand this matter to the Trial Court for further proceedings.

(Appellant's Brief at 4-5.)

{¶ 7} Upon review, we find Reed's argument to be unpersuasive. We recognize that his vandalism offense did not cause any serious physical harm and that the prosecutor did not claim any economic harm per se. The record does reflect, however, that Reed's act of vandalism rendered his holding cell inoperable for several days. Additionally, the trial court made clear to Reed during his plea hearing that it was not obligated to follow the State's sentencing recommendation.

{¶ 8} Even taking into account the lack of physical or economic harm caused by Reed's vandalism and the prosecutor's recommendation of community control, we do not find that the record clearly and convincingly fails to support a 12-month prison sentence. Although the trial court was not required to make explicit findings or give reasons for its sentence, the trial court nevertheless provided a detailed explanation for the sanction it imposed. On appeal, Reed does not appear to dispute any of the specific findings the trial court made, including its references to his extensive criminal record, prior terms of imprisonment, commission of the present offense while on probation, and prior opportunities for drug treatment. Based on the trial court's reasoning and thorough examination of the sentencing factors, which we have quoted in full above, the record fully supports the sentence imposed.

{¶ 9} Reed's assignment of error is overruled, and the judgment of the Champaign County Common Pleas Court is affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies sent to:

Samuel Adam Usmani
P.J. Conboy
Hon. Nick A. Selvaggio